UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIAM ALEXANDER,

                    Plaintiff,

          v.

SOCIAL SECURITY ADMINISTRATION,

                    Defendant.

---

25-CV-5584 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Liam Alexander, proceeding *pro se*, filed this action against the Social Security Administration (the "SSA"). For the reasons set forth below, the Court dismisses the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On July 1, 2025, Plaintiff filed the Complaint, alleging that the SSA "failed to remit payments starting 6/1/2028." *See* Dkt. No. 1 (Compl.). On September 10, 2025, the SSA made a motion for a more definite statement, noting that the Complaint did not include Plaintiff's Social Security number, the nature of the action of which he complains, or the date of the decision, notice, or information underlying his claim, among other deficiencies. Dkt. Nos. 8 (Def.'s Mot.), 9 (Def.'s Br.). On September 11, 2025, the Court granted the SSA's motion and ordered Plaintiff to file a more definite statement by October 10, 2025. Dkt. No. 10 (Sept. 11 Ct. Order). The September 11th order further informed Plaintiff that "[f]ailure to file this information by October 10, 2025 may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* He did not do so. On February 3, 2026, the Court again ordered Plaintiff to respond, this time setting a March 6, 2026 deadline. Dkt. No. 12 (Feb. 3 Ct. Order). The February 3rd order warned Plaintiff that if he did not file a more definite statement by the March 6, 2026 deadline, the Court "will dismiss this case for failure to prosecute and comply with a court order." *Id.* To date, Plaintiff has not responded to the February 3rd order, nor filed a more definite statement. For the reasons that follow, the case is dismissed without prejudice.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant [is] likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must be preceded "'by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

**DISCUSSION**

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in the eight months that this case has been pending, and five months have passed since his response to the Court's September 11th order was due. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting

2

deadlines and requiring status letters" and her response to a court order was "almost two months overdue");
*Toliver v. Okvist*, No. 10-CV-5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.)
(recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was
five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).  Second, Plaintiff was on
notice that his failure to comply would result in dismissal: not only did the Court's September 11th order
explicitly warn Plaintiff that this action may be dismissed if he failed to respond, Dkt. No. 10 (Sept. 11 Ct.
Order), the February 3rd order advised him that if he did not "file a more definite statement" by March 6,
2026, the Court "will dismiss this case for failure to prosecute and comply with a court order," Dkt. No. 12
(Feb. 3 Ct. Order).  *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion
in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and
tardiness would be met with dismissal").  Third, Plaintiff has been given an opportunity to be heard; indeed,
Plaintiff was required only to provide a more definite statement of his initial Complaint to avoid dismissal.
Fourth, this case has been pending for eight months, and the Court has an obligation "to secure the just,
speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  In light of these
considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, and in light of Plaintiff's *pro se* status, the Court concludes that a "less
drastic" sanction than dismissal with prejudice is appropriate in this case.  *Baptiste*, 768 F.3d at 216.  Any
prejudice to the SSA has been minor: this case is at an early stage, and based on the record, the SSA has not
done anything other than file a motion for a more definite statement.  *See LeSane*, 239 F.3d at 210 ("[T]here
is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome,
prejudice to defendants beyond the delay itself.").  Moreover, this action has not substantially burdened the
Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any
discovery, or scheduled trial.  Under these circumstances, the Court finds that dismissal without prejudice
is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court and to
comply with its orders.  *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2

(S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity"); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice.").

### CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:    March 9, 2026
          New York, New York

_____
Hon. Ronnie Abrams
United States District Judge

4